**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

**VEOTA KHAMLUSA #A070-988-548** | **CASE NO. 6:26-cv-02332**

**VERSUS** | **JUDGE JAMES D. CAIN, JR.**

**WARDEN SOUTH LOUISIANA ICE PROCESSING CENTER** | **MAGISTRATE JUDGE LEBLANC**

**ORDER**

Petitioner, Veota Khamlusa, commenced this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. In that petition, Khamlusa alleges he is being detained at the South Louisiana ICE Processing Center in Basile, Louisiana, by U.S. Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal. *Id.* He claims he has been detained beyond the removal period authorized by law without any likelihood of his removal in the foreseeable future and otherwise in violation of his Fifth Amendment due process rights, and so he seeks to be released forthwith. *Id.* at p. 6.

Currently before the court, petitioner has filed in this action a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 10. This motion, however, only refers to the present civil action number, and does not identify a judgment of conviction, a date of sentencing, a criminal docket or case number, or even a court that entered any judgment of conviction. *Id.* at p. 1. Indeed, the motion is on a standard form pleading, and Khamlusa's completion of that form is disjointed, at best. That said, in the section that calls upon Khamlusa to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," he offers the following grounds: (1) "Fifth Amend[ment]"; (2) "Civil Action Rights: 2241"; (3) "Motion release"; and (4) "Meet all the

requirements to be realease [sic] from ICE custody not under third country not into a third country." *Id*. at pp. 4-8. Finally, Khamlusa requests no relief in the motion. *Id*. at p. 12.

Section 2255 provides the primary means for a person convicted of a federal crime to challenge his conviction and/or sentence. 28 U.S.C. § 2255(a). In this regard, a motion under § 2255 is considered "a further step in the movant's criminal case and not a separate civil action." Advisory Committee Notes to Rule 1 of Rules Governing Section 2255 Proceedings. Here, Khamlusa has provided no evidence of having been convicted of any federal crime or sentenced pursuant thereto. Instead, the only fair reading of the motion is that Khamlusa is seeking, by alternative means, to re-urge the claims of his original § 2241 habeas petition. As his § 2241 habeas petition remains pending, Khamlusa's claims with respect to the propriety of his immigration detention are proceeding, and the motion is unwarranted. Accordingly,

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 10] is construed as a duplicative request for the relief sought in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1], and so the motion is **DENIED**, and the petition shall proceed as appropriate.

The court notes that, to the extent it misconstrues the motion, and Khamlusa has been convicted of a federal crime, sentenced, and now seeks to challenge his conviction or sentence, this Order shall not be deemed to have prejudiced his right to pursue such a challenge under 28 U.S.C. § 2255. Any such challenge, however, should be by motion in a separate action in accordance with the Rules Governing Section 2255 Proceedings for the United States District Courts.

SO ORDERED at Lake Charles, Louisiana, this 19th day of August, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE